IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PERI HALL & ASSOCIATES, INC., and<br>MISSOURI COALITION FOR<br>LIFESAVING CURES INC., | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | Case No.: 06-0202-CV-W-NKL |
| v. | )<br>) | |
| ELLIOT INSTITUTE FOR SOCIAL<br>SCIENCES RESEARCH<br>Serve:  Heidi Santshi<br>        Registered Agent<br>        2921 S. Park Ave<br>        Jerome, Illinois  62704 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| DAVID C. REARDON<br>Serve:  29 Olde Westchester Court<br>        Saint Charles, MO 63304 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## COMPLAINT

For their Complaint against defendants Elliot Institute for Social Sciences Research and David C. Reardon (collectively, "Defendants"), Plaintiffs Missouri Coalition for Lifesaving Cures Inc. and Peri Hall & Associates, Inc. (collectively, "Plaintiffs"), allege and state as follows:

## THE PARTIES

1. Plaintiff Missouri Coalition for Lifesaving Cures Inc. (the "Missouri Coalition") is a non-profit corporation in good standing duly organized under the laws of the State of Missouri with its principal place of operations in the State of Missouri.

2. Plaintiff Peri Hall & Associates, Inc. ("Peri Hall & Associates") is a corporation in good standing duly organized under the laws of the State of Massachusetts with its principal place of business in Massachusetts.

3. Defendant Elliot Institute for Social Sciences Research (the "Elliot Institute") is a not-for-profit corporation organized under the laws of the State of Illinois with its principal place of business in Springfield, Illinois. Elliot Institute is amenable to service through its registered agent, Heidi Santshi, 2921 S. Park Ave, Jerome, Illinois 62704.

4. Defendant David C. Reardon ("Reardon") is an individual residing in St. Louis, Missouri and, on information and belief, is the director of Elliot Institute. Reardon is amenable to service at his residence at 29 Olde Westchester Court, Saint Charles, MO 63304.

## JURISDICTION AND VENUE

5. This case arises under the laws of the United States.

6. Jurisdiction is proper in this Court pursuant to 15 U.S.C. Section 1121, 28 U.S.C. Section 1331, and 28 U.S.C. Section 1338.

7. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391.

8. Venue is proper in this district pursuant to 28 U.S.C. Sections 1391(b) and 1400(a).

## FACTS COMMON TO ALL COUNTS

9. The Missouri Coalition is a coalition of concerned citizens and organizations who have joined together to support the Missouri Stem Cell Research and Cures Initiative. Members of the Missouri Coalition include over 46,000 individual Missouri citizens and dozens of leading state and national patient groups and medical organizations and institutions, including the American Association for Cancer Research, the American Diabetes Association, Christopher

Reeve Foundation, Juvenile Diabetes Research Foundation, Lance Armstrong Foundation, National Parkinson Foundation, Stowers Institute for Medical Research, the University of Missouri and Washington University in St. Louis. A partial list of the organizational members of the Missouri Coalition is attached as **Exhibit A**.

10. The Missouri Stem Cell Research and Cures Initiative is a voter referendum measure proposed for the November 2006 statewide ballot which would amend the Missouri state Constitution to ensure that any stem cell research and cures allowed under federal law will continue to be allowed in Missouri while setting responsible boundaries and guidelines to ensure that stem cell research is conducted ethically and safely.

11. The Missouri Coalition's primary purpose is to support passage of the Missouri Stem Cell Research and Cures Initiative by, among other things, providing testimonials and factual information to inform voters about the Initiative and stem cell research and to counter deceptive and misleading claims made by opponents of the initiative.

12. Perhaps the most important tool used by the Missouri Coalition to provide detailed factual information to the Missouri public is its website, www.missouricures.org. The missouricures.org website can also be accessed through www.missouricures.com and www.missouricures.net. A copy of some representative pages from the missouricures.org website is attached as **Exhibit B**.

13. Because the Missouri Coalition intended its missouricures.org website to be a primary method of communicating with the Missouri public, it retained an experienced web designer to design and create the website, ensure that it professionally and effectively provides the Missouri Coalition's factual information, and attract the greatest possible number of visitors.

3

14. Peri Hall & Associates is a strategic consulting firm specializing in content-rich web design and development, campaign and issue-advocacy internet strategies and integrated web-based communications projects for coalition-based organizations and campaigns.

15. Peri Hall & Associates has provided web, email and data services as well as grassroots outreach implementation for more than 36 ballot initiative campaigns in 16 states.

16. The Missouri Coalition retained Peri Hall & Associates in January, 2005, to design and create its missouricures.org website. To date, it has paid Peri Hall & Associates in excess of $128,000 for the work done on the website.

17. To date, Peri Hall & Associates has spent over 2800 hours designing, creating and maintaining the missouricures.org website.

18. In order to create the missouricures.org website, Peri Hall & Associates wrote original html code for the website.

19. The code is the backbone, and controls the look and utility, of the website.

20. The Missouri Coalition prides itself on the high quality of the design, look and feel of its missouricures.org website and has expended, and continues to expend, a considerable amount of time, money and ongoing effort to maintain the quality of its missouricures.org website and to purchase, for exclusive use on its website, copyrighted photographs from a commercial stock photo service.

21. The Missouri Coalition has spent significant time and resources promoting its missouricures.org website, among other things prominently referencing it in numerous press releases aimed at Missouri residents as well as in over nine television, radio and print advertisements that cost millions of dollars to produce and run. In addition, the Missouri Coalition pays regular monthly fees to Peri Hall & Associates to pay major Internet search engines, such as Google and Yahoo, to

4

use the metatags in the website's codes as the basis for paid ads their users see when they conduct searches with relevant search terms, such as "Missouri stem cells."

22. Pursuant to its contract with the Missouri Coalition, Peri Hall & Associates retained ownership of the original code that it wrote for the missouricures.org website.

23. The Missouri Coalition owns the intellectual property rights in the graphic design, look and feel, of the missouricures.org website.

24. The missouricures.org website includes a "Terms and Conditions" page at http://www.missouricures.org/terms.php, which makes it clear that the content of the website is copyrighted and "may not be copied, reproduced, modified, published, uploaded, posted, transmitted, or distributed in any way without the Missouri Coalition for Lifesaving Cure's prior written permission." Each page of the missouricures.org website is prominently marked with a copyright notice identifying the Missouri Coalition as the owner of the intellectual property rights in the graphic design, look and feel, of the missouricures.org website.

25. Peri Hall & Associates has prominently marked the html code used to create the missouricures.org website with a copyright notice identifying Peri Hall & Associates as the owner of the intellectual property rights in the code.

26. On or about March 7, 2006, Plaintiffs learned of the existence of another website at www.elliotinstitute.org. Representative pages from the eliottinstitute.org website are attached as **Exhibit C**.

27. The elliotinstitute.org domain name was registered on February 19, 2006 by Reardon and the Elliot Institute.

28. The Elliot Institute is an anti-abortion group that, among other things, sells and promotes the books and articles of its director, Reardon.

29. The eliottinstitute.org website promotes another initiative intended for the November 2006 Missouri statewide ballot that is directly opposed to the stem cell policy goals promoted by the Missouri Coalition.

30. The elliotinstitute.org website purports to be in response to the alleged "threat of unregulated human engineering and human-animal crossbreeding" and promotes the adoption of a constitutional amendment to be entitled "Regulation of Human-Animal Crossbreeds, Cloning, Transhumansim, and Human Engineering Is Reserved to the People." **Ex. C**.

31. The initiative promoted by the elliotinstitute.org website appears to be designed, among other things, to prohibit all early, or embryonic, stem cell research and cures in the State of Missouri, as well as to prohibit various types of genetic research in order, in its words, to, among other things, prevent "the genetic creation of a half-human slave race to serve humankind." **Ex. C**.

32. The elliotinstitute.org website solicits financial donations and is specifically directed at, and requests, Missouri residents to join to support its anti stem cell, anti genetic research initiative.

33. The elliotinstitute.org website illegally uses, mimics and copies the look, feel, graphics, photos and coding of the missouricures.com website in violation of Plaintiffs' intellectual property rights. *Compare* **Ex. B** and **Ex. C**. This illegal mimicking and copying of the missouricures.com website clearly appears to be an unethical attempt to confuse and deceive Missouri voters into thinking that the elliotinstitute.org website is the same as or somehow related to the missouricures.org website.

34. The graphic design, look and feel of the elliotinstitute.org website is virtually identical to that of the Missouri Coalition's missouricures.org website. Id.

35. The elliotinstitute.org website uses the identical copyright protected photos in the upper bar across each of the pages in the website to those exclusively licensed to the Missouri Coalition for use in its missouricures.org website. Id.

36. Plaintiffs have examined the code used to create the elliotinstitute.org website and it is virtually identical to that used to create the missouricures.org website.

37. The similarities are so extensive to make it obvious that Defendants simply appropriated the code used to create the missouricures.org website and used it to make their website.

38. Each page of the elliotinstitute.org website displays a copyright notice falsely claiming Elliot Institute's ownership of the copyright to the web design.

39. The html code used to create the elliotinstitute.org website displays a copyright notice falsely claiming Elliot Institute's ownership of the copyright to code.

40. Website owners and designers sometimes employ "metatags" to increase traffic to websites.

41. Metatags are certain key words contained in a website's source code that do not necessarily appear on the websites themselves, but are visible to internet search engines and help trigger positive hits when a user runs an internet search for one or more of those words.

42. Defendants are using several of the Missouri Coalition's and its members' trademarks as metatags in their elliotinstitute.org website, including the Missouri Coalition's name.

43. On information and belief, Defendants are using the Missouri Coalition's and its members' trademarks as metatags in their elliotinstitute.org website in order to divert internet users looking for information about the Missouri Coalition and/or its missouricures.org website to their elliotinstitute.org website.

44. Plaintiffs have never given Defendants permission to use their code, website design, marks and trade dress in their website.

45. Upon information and belief, Defendants illegally copied the code for, and appropriated the graphic design, look and feel of, the Missouri Coalition's missouricures.org website and are using the Missouri Coalition's and its members' trademarks as metatags in their elliotinstitute.org website in order to divert and confuse Missouri residents and to damage the initiative supported by the Missouri Coalition and to promote their competing initiative.

46. Plaintiffs have demanded that Defendants cease and desist using the illegally copied code, the graphic design, photos, look and feel of the missouricures.org website and the Missouri Coalition's and its members' trademarks as metatags in their elliotinstitute.org website, but Defendants have failed to stop such use.

## COUNT I – COPYRIGHT INFRINGEMENT

47. Plaintiffs adopt and incorporate by reference each and every allegation set forth in numbered Paragraphs 1 through and including 46 above and make the same a part hereof as if fully set forth herein.

48. The code used to create the missouricures.org website contains a substantial amount of material wholly original with Peri Hall & Associates, is fixed in a tangible medium of expression and is copyrightable under the copyright laws of the United States. Peri Hall & Associates has complied in all respects with the Federal Copyright Act, 17 U.S.C. Section 101, *et seq.*, and all other laws governing copyright.

49. The graphic design of the missouricures.org website contains a substantial amount of material wholly original with the Missouri Coalition, is fixed in a tangible medium of expression and is copyrightable under the copyright laws of the United States. The Missouri

Coalition has complied in all respects with the Federal Copyright Act, 17 U.S.C. Section 101, *et seq*., and all other laws governing copyright.

50. Plaintiffs have applied to the Register of Copyrights for Certificates of Registration for the code and graphic design of the missouricures.org website.

51. Since development of the code used to create the missouricures.org website, Peri Hall & Associates has been and still is the sole proprietor of all its rights, title and interests in and to the copyright in the code.

52. Since development of the graphic design of the missouricures.org website, the Missouri Coalition has been and still is the sole proprietor of all its rights, title and interests in and to the copyright in the graphic design.

53. Defendants have knowingly and willfully copied the code and graphic design of the missouricures.org website with the specific purpose of using them to create their own competing elliotinstitute.org website and infringing Plaintiffs' copyrights.

54. By means of the action complained of herein, Defendants have willfully and wrongfully infringed and will continue to infringe upon Plaintiffs' copyrights in and relating to the missouricures.org website, thereby damaging Plaintiffs. Such infringement is in violation of the Copyright Act, 17 U.S.C. Section 101, *et seq*.

55. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and will continue to be to deprive Plaintiffs of goodwill, to impede the Missouri Coalition's ability to communicate with Missouri voters about, and promote, the Missouri Stem Cell Research and Cures Initiative and to impose substantial expenses on Plaintiffs to counteract Defendants' conduct.

56. Defendants have been unjustly enriched by their illegal copying of the code and graphic design of the Missouricures.org website at the expense of Plaintiffs.

57. Upon information and belief, unless Defendants are enjoined by this Court, Defendants intend to continue their course of conduct, and to wrongfully use, infringe upon, and otherwise profit from Plaintiffs' copyrights and works derived therefrom. As a direct and proximate result of the acts of Defendants alleged above, Plaintiffs have already suffered irreparable damage. Plaintiffs have no adequate remedy at law to redress all of the injuries Defendants have caused and intend to cause by their conduct. Plaintiffs will continue to suffer irreparable damage and to sustain lost profits until Defendants actions alleged above are enjoined by this Court.

WHEREFORE, Plaintiffs respectfully requests that the Court:

    a. find that Defendants have infringed Peri Hall & Associates' copyright in the html code used to create the missouricures.org website;

    b. find that Defendants have infringed the Missouri Coalition's copyright in the graphic design of the missouricures.org website;

    c. find a substantial likelihood that Defendants will continue to infringe Plaintiffs' copyrights unless enjoined from doing so;

    d. issue an injunction pursuant to 17 U.S.C. Section 502 against Defendants and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, barring them from directly or indirectly infringing Plaintiffs' copyrights or continuing to use, market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or

        manufacture any works derived or copied from Plaintiffs' copyrights or to participate or assist in any such activity;

e.    issue an injunction against pursuant to 17 U.S.C. Section 503 against Defendants and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, enjoining them to deliver under oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe upon any of Plaintiffs' copyrights;

f.    temporarily restrain until trial of this matter, and permanently enjoin thereafter, Defendants from directly or indirectly infringing Plaintiffs' copyrights or aiding and abetting any other person in so doing by copying or otherwise using any of the html code used in the creation of the missouricures.org website or the graphic design of the missouricures.org website in any other website; and

g.    order Defendants to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants complied with the Court's order;

h.    award Plaintiffs, pursuant to 17 U.S.C. Section 504, their actual damages according to proof, and for any profits of Defendants

attributable to the infringement of Plaintiffs' copyright, in accordance with proof;

i. award Plaintiffs, pursuant to 17 U.S.C. Section 504, statutory damages based upon Defendants' acts of infringement and willful infringement;

j. order that Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and their other violations of law;

k. order that all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs;

l. award Plaintiffs their costs and attorney fees pursuant to 17 U.S.C. Section 505; and

m. award such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II – TRADEMARK AND TRADE DRESS INFRINGEMENT/UNFAIR COMPETITION

58. Plaintiffs adopt and incorporate by reference each and every allegation set forth in numbered Paragraphs 1 through and including 57 above and make the same a part hereof as if fully set forth herein.

59. The Missouri Coalition has filed for federal trademark protection for the marks MISSOURI COALITION FOR LIFESAVING CURES and MISSOURI CURES among others.

60. The Missouri Coalition has federally-protected trademark rights in the marks MISSOURI COALITION FOR LIFESAVING CURES and MISSOURI CURES among others.

61. One of the Missouri Coalition's members, the Stowers Institute for Medial Research has federally-protected trademark rights in the mark STOWERS INSTITUTE among others.

62. Defendants have illegally appropriated and used these marks, among others, as metatags in their elliotinstitute.org website in order to divert internet users from the missouricures.org website, among other things.

63. The Missouri Coalition owns common law rights in its trademarks and trade dress by virtue of its use of same on and in connection with its missouricures.org website and elsewhere.

64. The Missouri Coalition owns common law trademarks and trade dress rights in the graphic design, look and feel of its missouricures.org website.

65. The Missouri Coalition has spent a significant amount of time, effort and expense to develop, advertise and promote consumer recognition of its marks and trade dress associated with the graphic design, look and feel of its missouricures.org website.

66. In part because of the professional graphic design, look and design of its missouricures.org website, the Missouri Coalition has earned a reputation for providing quality information concerning the Missouri Stem Cell Research and Cures Initiative and Missouri voters, among others, seek out and associate its missouricures.org website with quality information concerning the Missouri Stem Cell Research and Cures Initiative.

67. The Missouri Coalition marks and trade dress have acquired a secondary meaning within the meaning of the Lanham Act and Missouri statutory and common law and are associated exclusively with the Missouri Coalition and serve to identify the Missouri Coalition and to distinguish its website from others.

68. Defendants have appropriated and used the Missouri Coalition's marks and trade dress to impersonate the Missouri Coalition's missouricures.org website.

69. Defendants' actions are intended to, and likely will, confuse and deceive Missouri residents into falsely believing that the Missouri Coalition owns, is associated with and/or approves of the elliotinstitute.org website.

70. Because the graphic design, look and feel of the two websites are essentially identical, Missouri residents and other internet users will likely hold the Missouri Coalition responsible for, or otherwise associate the Missouri Coalition with, the statements contained in the elliotinstitute.org website even though those statements are directly opposed to the Missouri Coalition's positions and goals and will damage the Missouri Coalition's ability to meet its stated purpose and goals.

71. Defendants' actions are fraudulent, illegal, and will damage the Missouri Coalition's trademarks, trade dress and reputation among Missouri residents and others and will dilute the distinctive quality of its trademarks and branding.

72. Among other things, Defendants' actions constitute unfair competition under federal and Missouri statutory and common law and trademark infringement under federal and Missouri statutory and common law. Defendants' actions violate, *inter alia*, the Lanham Act, 15 U.S.C. Section 1051, *et seq.*, and specifically 15 U.S.C. Sections 1114 and 1125, and Mo. Rev. Stat. Section 417.005, *et seq*.

73. On information and belief, Defendants intended, and continue to intend, to illegally use the Missouri Coalitions marks and trade dress with the intent to confuse and deceive Missouri residents and others as to the Missouri Coalitions' design and approval of the imposter website and to damage the Missouri Coalition's support of the Missouri Stem Cell Research and Cures Initiative.

74. Defendants' actions are unauthorized and are and will continue to be a willful and intentional attempt to trade on the Missouri Coalition's reputation, marks and trade dress and to cause dilution of and damage the Missouri Coalition's reputation, marks and trade dress.

75. The unauthorized use of the Missouri Coalition's marks and trade dress in the elliotinstitute.org website constitutes a false designation and representation of origin and is likely to deceive consumers into believing the website food originated from the Missouri Coalition or was otherwise authorized, sponsored or approved of by the Missouri Coalition.

76. Defendants' actions have injured and will continue to injure the Missouri Coalition's reputation, business and property.

77. The injury is and continues to be immediate and irreparable. An award of monetary damages alone could not fully or adequately compensate the Missouri Coalition for the damage to its brand image, marks, trade dress and reputation.

78. The Missouri Coalition lacks an adequate remedy at law.

79. Immediate injunctive relief is therefore appropriate pursuant to Fed. R. Civ. P. 65 and 15 U.S.C. Sections 1116 and 1125.

WHEREFORE, Plaintiffs respectfully requests that the Court:

 a. find that Defendants have infringed the Missouri Coalition's trademarks and trade dress;

 b. find a substantial likelihood that Defendants will continue to infringe the Missouri Coalition's trademarks and trade dress unless enjoined from doing so;

 c. temporarily restrain until trial of this matter, and permanently enjoin thereafter, Defendants from directly or indirectly infringing the

Missouri Coalition's trademarks and trade dress or aiding and abetting any other person in so doing by using any of the Missouri Coalition's marks, trade dress or brands in or on the elliotinstitute.org website or any other website or medium; and

d. order Defendants to return to the Missouri Coalition all of the Missouri Coalition's trademarks or trade dress in their possession which might, if used, violate the injunctive relief herein granted; and

e. order that Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and their other violations of law;

f. order that all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs;

g. award the Missouri Coalition such damages as are fair and reasonable to compensate it for Defendants' actions, together with all appropriate interest, and trebling such actual damages pursuant to 15 U.S.C. Section 1117; and

h. award the Missouri Coalition punitive damages in an amount to be determined; and

i. award the Missouri Coalition its costs of this action, including attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURY TRIAL

80. Plaintiffs do not demand a jury trial on their claims.

Respectfully submitted,

POLSINELLI SHALTON WELTE SUELTHAUS PC


By:       /s/ Cathy J. Dean
    CATHY J. DEAN (#30401)
    ROBERT J. EDWARDS (#48481)
    LAUREN E. TUCKER MCCUBBIN (#55179)
    700 West 47th Street, Suite 1000
    Kansas City, Missouri 64112
    (816) 753-1000
    Fax No. (816) 753-1536

ATTORNEYS FOR PLAINTIFFS MISSOURI
COALITION FOR LIFESAVING CURES INC. AND
PERI HALL & ASSOCIATES, INC.

049305 / 107334
RJEDW 1318522