# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **PERI HALL & ASSOCIATES, INC.,** et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     Case No. 06-0202-CV-W-GAF ) |
| **ELLIOT INSTITUTE FOR SOCIAL SCIENCES RESEARCH, et al.,** | ) ) ) |
| Defendants. | ) ) |

## ORDER

Presently before the Court is a Motion for Preliminary Injunction filed pursuant to Fed. R. Civ. P. 65(a) by the Plaintiffs, Peri Hall & Associates, Inc. ("Peri Hall") and The Missouri Coalition for Lifesaving Cures ("MCLC") (collectively "Plaintiffs"). (Doc. #5). The Defendants, Elliot Institute for Social Sciences Research ("Elliot Institute") and David Reardon ("Reardon") (collectively "Defendants") oppose this Motion, and on Friday, March 17, 2006 this Court held a hearing on Plaintiffs' Motion for Preliminary Injunction.[1] This Court found that a balance of the equities entitles Plaintiffs to a Preliminary Injunction. As such, for reasons set forth more completely below, Plaintiffs' Motion for a Preliminary Injunction is GRANTED.

## DISCUSSION

**I.     Facts**

---

[1] On March 10, 2006, The Honorable Dean Whipple granted the Plaintiffs' Motion for a Temporary Restraining Order. (Doc. #7).

1

Plaintiffs filed this action seeking monetary damages and injunctive relief for copyright infringement as well as trademark and trade dress infringement. (Doc. #1). MCLC is a coalition of citizens and organizations who have joined together to support the Missouri Stem Cell Research and Cures Initiative (the "Initiative"). Id. The Initiative is a voter referendum measure proposed for the November 2006 statewide ballot which would amend the Missouri state Constitution to ensure that any stem cell research and cures allowed under federal law continue to be allowed in Missouri. Id. MCLC's primary purpose is to support the Initiative and to provide information about stem cell research to voters. Id.

One of the primary means by which the MCLC provides information to voters is through its website, www.missouricures.org. Id. In January of 2005, MCLC retained Peri Hall to create and design its website. Id. Peri Hall is a consulting firm that specializes in content-rich web design and development as well as campaign and issue-advocacy internet strategies. Id. To date, MCLC alleges that it has paid Peri Hall in excess of $128,000 and Peri Hall has spent over 2800 hours designing, creating, and maintaining MCLC's website. Id.

To create the www.missouricures.org website, Plaintiffs claim that Peri Hall wrote original code for the website in html, php, javascript, Macroedia Flash, and mySQL, which provides the backbone of the website and controls its look and utility. Id. Pursuant to its contract with MCLC, Peri Hall retained ownership of the code that it wrote for MCLC's website. Id. Peri Hall has prominently marked the code used to create the website with a copyright notice identifying Peri Hall as the owner of the code. Id.

MCLC claims that it owns intellectual property rights in the graphic design, look and feel of the website. Id. The website includes a "Terms and Conditions" page, which states that the content of the website is copyrighted and "may not be copied, reproduced, modified, published, uploaded, posted,

2

transmitted, or distributed in any way without the [MCLC's] prior written permission." Id. Further, each page of MCLE's website is prominently marked with a copyright notice, identifying MCLC as the owner of the intellectual property rights in the graphic design, look and feel of the missouricures website. Id.

On or about March 7, 2006, Plaintiffs discovered the existence of another website at www.elliotinstitute.org. Id. The elliotinstitute.org domain name was registered on February 19, 2006 by Reardon and the Elliot Institute. Id. The Elliot Institute is an anti-abortion group that, among other things, promotes and sells the books of Reardon, its director. Id. The Elliot Institute promotes another initiative intended for the 2006 Missouri statewide ballot that is opposed to the goals promoted by MCLE. Id. The Elliot Institute promotes the adoption of an amendment to the Missouri state Constitution to be entitled "Regulation of Human-Animal Crossbreeds, Cloning, Transhumanism, and Human Engineering is Reserved to the People." Id.

Plaintiffs allege that the elliotinstitute.org website illegally uses, mimics, and copies the look, feel, graphics, coding, and photos of the missouricures.com website, in violation of MCLC's intellectual property rights. Id. MCLC claims that the graphic design, look, and feel of the elliotinstitute.org website is virtually identical to the missouricures.org website, and that the elliotinstitute.org website appears to be an unethical attempt to confuse Missouri voters into thinking that MCLC and the Elliot Institute are somehow affiliated. Id.

Specifically, Plaintiffs claim that Defendants simply appropriated the code used to create the missouricures website and used it to make the Elliot Institute's website. Id. In addition, website owners and designers sometimes employ "metatags" to increase traffic to a website. Id. Metatags are certain key words embedded in a website's source code that are not visible on the website itself but are visible to

3

internet search engines and help trigger positive hits when a user runs an internet search for one or more of those words. Id. Plaintiffs claim that Defendants are using several of Plaintiffs' trademarks as metatags in Defendants' website, including the MCLE's name. Id. Plaintiffs seek to preliminarily enjoin Defendants "from using Plaintiffs' trademarks, trade dress, and the copyrighted html code and graphic design of Plaintiffs' website, www.missouricures.org, in Defendants' competing website, www.elliotinstitute.org. (Doc. #15).

II.     Legal Standard and Analysis

Plaintiffs seek a Preliminary Injunction pursuant to Fed. R. Civ. P. 65. The Court weighs the following factors when determining whether a preliminary injunction should be granted: (1) whether the movant will suffer irreparable harm if the order is not issued; (2) whether the harm to be suffered by the movant if the order is not entered outweighs any injury that may be suffered by the party subject to the order; (3) whether the movant is likely to succeed on the merits of his claim; and (4) whether the public interest weighs in favor of issuing the order. S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condominium Project, 877 F.2d 707, 708 (8th Cir. 1989) *citing* Dataphase Systems, Inc. v. D.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981).

Here, the Court finds that Plaintiffs have successfully demonstrated that all of the above factors weigh in Plaintiffs' favor. First, Plaintiffs successfully demonstrated that they are likely to succeed on the merits and that Plaintiffs will suffer irreparable harm if the Court does not grant this Motion. In a copyright or trademark case such as this one, the Court may presume irreparable harm from a finding of likelihood of success on the merits. *See* Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1034, 1041-42 (8th Cir. 2003) (copyright case); Sports Design and Development, Inc. v. Schoneboom, 871 F.Supp.

4

1158, 1164-65 (N.D. Iowa 1995) (trademark case) (internal citations omitted). To show a likelihood of success on the merits, Plaintiffs must put forth a prima facie case of infringement. Sports Design, 871 F.Supp. at 1163. The key to setting forth a prima facie case of trademark infringement is to demonstrate that the allegedly infringing products create a likelihood of confusion, deception, or mistake on the part of the consuming public. *See* Id. A prima facie case of copyright infringement requires a showing that (1) Plaintiffs own valid copyrights in the works; and (2) that Defendants copied these works. *See* Taylor Corp., 315 F.3d at 1042.

Plaintiffs have put forth substantial evidence that Plaintiffs own copyrights to the code and graphic design of the website. Further, even a cursory examination of the two websites at issue shows that the Defendants simply copied the look and feel of MCLE's website, even to the extent of using the exact same pictures in the exact same layout on each page. Additionally, Plaintiffs introduced evidence that Defendants are using MCLC's trademarks as metatags in its website. Therefore, this Court finds that Plaintiffs have demonstrated a substantial likelihood of success on the merits from which irreparable harm can be presumed.

Additionally, Plaintiffs successfully demonstrated that the harm to be suffered by the Plaintiffs in the absence of a preliminary injunction outweighs any harm the Defendants may suffer as a result of a preliminary injunction. Plaintiffs are not trying to prevent Defendants from creating their own website or promoting their own ideas. Plaintiffs simply ask that Defendant not infringe Plaintiffs' intellectual property rights in so doing. Further, MCLC has spent significant funds to develop and promote the missouricures website. Therefore, this factor also weighs in Plaintiffs' favor.

Finally, Plaintiffs have shown that the issuance of a preliminary injunction is in the public interest.

The public interest favors protecting the integrity of copyrights, trademarks, and trade dress. Sports Design, 871 F.Supp. at 1165; Taylor Corp., 315 F.3d at 1042. Because the Plaintiffs have put forth significant evidence that they have such copyright, trademark, and trade dress rights in their missouricures website, this factor also weighs in favor of issuing a preliminary injunction.

## CONCLUSION

Because Plaintiffs have successfully demonstrated that all the factors relevant to a preliminary injunction weigh in their favor, Plaintiffs' Motion for a Preliminary Injunction is GRANTED. Defendants are HEREBY ORDERED to cease and desist from using Plaintiffs' trademarks, trade dress, graphic design, or any html or other source code used in Plaintiffs' website, www.missouricures.org, in Defendants' website, www.elliotinstitute.org or any website maintained by Defendants. This Order does not prohibit Defendants from maintaining the www.elliotinstitute.org website, or any other website, so long as any website maintained by Defendants does not infringe on Plaintiffs' missouricures website in any fashion.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: March 20, 2006